UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE JOHN RIGG, 477319,

    Plaintiff,                                               Civil Action No. 18-CV-13550

vs.                                                         HON. BERNARD A. FRIEDMAN

T. GRANT, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT

Plaintiff, a Michigan prison inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He challenges a sentencing computation by the Michigan Department of Corrections ("MDOC") which he asserts resulted in the rescission/delay of his parole. Plaintiff asserts that he was wrongfully held in prison for 127 more days due to the negligence of MDOC officials. He names time computation unit member T. Grant, time computation unit analyst Lori Engmark, time computation unit manager Cindy Partridge, and state administrative manager Chris Crysler as the defendants in this action and sues them in their official capacities. He seeks immediate release from his remaining time on parole (about 23 months) and/or monetary damages for the allegedly improper 127 days that he spent in prison (and not on parole). The Court has granted plaintiff leave to proceed without prepayment of fees and costs for this action.

The Court must dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. To state a civil rights claim under 42

U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Further, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court finds that the complaint must be dismissed.

Plaintiff challenges a rescission/delay in his release on parole in his complaint. Since he contests a parole rescission/delay, however, he actually seeks habeas corpus relief because such a claim concerns the validity of his confinement. A ruling for plaintiff on this claim would necessarily imply the invalidity of the parole decision and the additional time that the plaintiff spent in prison. Such a claim is not properly brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus). This holds true regardless of the relief plaintiff seeks. *Id.* at 487-89. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (reiterating that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because the plaintiff's challenge to his parole rescission/delay in release on parole would necessarily imply the impropriety of his

2

confinement, and since that decision has not been overturned or otherwise declared invalid, his complaint contesting that decision must be dismissed.

Even if the plaintiff's complaint were not barred by *Heck*, it is still would be subject to summary dismissal for at least three reasons. First, plaintiff alleges that defendants were negligent in computing his parole release date. Claims of negligence fail to state a claim under § 1983. *Davidson*, 474 U.S. at 348; *Daniels*, 474 U.S. at 333-36. Second, as to defendants Engmark, Partridge, and Crysler, plaintiff does not allege that they were involved in the computation decision itself. A plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Third, to the extent that plaintiff sues defendants in their official capacities, his complaint is subject to dismissal based upon Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that plaintiff may not proceed on appeal in forma pauperis, as any appeal from this decision would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                          s/Bernard A. Friedman
Dated: November 26, 2018        BERNARD A. FRIEDMAN
Detroit, Michigan                SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 26, 2018.

                                      s/Johnetta M. Curry-Williams
                                      Case Manager